

# 25DA-CC00058

## Confidential Redacted Information Filing Sheet

| | |
|---|---|
| **Party Name:** Tabitha Rumfelt | **Case Number:** |
| **Address:** | **Case Type:** |
| | **Style of Case:** Tabitha Rumfelt v Dallas County, et al |
| **Email Address:** jeddy@evans-dixon.com | ☑ The unredacted document is attached to this filing sheet in place of listing the redacted information identifiers below. |
| **Filing Date:** 11/04/2025 | |
| **Document Filed:** Petition | |
| | (Date File Stamp) |

**REDACTED INFORMATION:**

| Redacted Information Identifier | Redacted Information |
|---|---|
| | |

Submitted by: Jacob G. Eddy        Bar ID (required if attorney): 72272
Address: 4905 S. National Avenue, Building B
City: Springfield        State: MO   Zip: 65810
Phone: 417-882-4700        Email Address: jeddy@evans-dixon.com

SJRC (04-23) FI35

Electronically Filed - Dallas - November 04, 2025 - 03:50 PM

IN THE CIRCUIT COURT OF DALLAS COUNTY, MISSOURI

| | |
|---|---|
| TABITHA RUMFELT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DALLAS COUNTY, )<br>Serve: )<br>Melissa Darnell, )<br>Dallas County Clerk )<br>102 South Cedar, )<br>Buffalo, Missouri 65622; )<br>)<br>and )<br>)<br>CHRIS CARRIGER )<br>Serve: )<br>9161 Highway 5, )<br>Grovespring, Missouri 65662; )<br>**Defendants.** ) | Case No. |

## PETITION

COMES NOW, Plaintiff, Tabitha Rumfelt, by and through her attorneys, Jay Kirksey and Jacob G. Eddy, and hereby submits the following Counter Claims against the Plaintiff:

Facts

1. Plaintiff, Tabitha Rumfelt, is a citizen and resident of Dallas County, Missouri.

2. That, Defendant, Dallas County, is an incorporated County in the State of Missouri. Defendant, Dallas County, may be served through the County Clerk at the address set forth above.

3. That, at all times relevant hereto, Defendant, Chris Carriger, was the detective of the Dallas County Sheriff's Office. At all times relevant hereto, Defendant Carriger was an employee of the County, and as a result, the County is liable for his actions through *respondeat superior*.

1

4. Venue is proper in the Dallas County Circuit Court pursuant to § 508.010, RSMo, because the wrongful acts described herein occurred in Dallas County, Missouri.

5. Pursuant to Article V, Section 14 of the Missouri Constitution, this Court has jurisdiction over this action in that this action is a civil matter, and Plaintiff was damaged by the wrongful conduct of Defendant in Dallas County, Missouri. Additionally, this Court has concurrent jurisdiction over all § 1983 claims pursuant to *Stafford v. Muster*, 582 S.W.2d 670 (Mo. banc 1979).

6. On or about November 19, 2024, Plaintiff was pulled over in Greene County, Missouri, for an alleged moving violation. At that time, Plaintiff maintained an outstanding warrant in Dallas County for passing bad checks. As a result, Plaintiff was extradited to Dallas County for adjudication for passing bad checks.

7. From November 20, 2024 through December 3, 2024, Plaintiff was under arrest and in confinement in the Dallas County Jail (the "Confinement Period").

8. During the Confinement Period, Defendant Carriger was a deputy with the Dallas County Sheriff's department.

9. During Confinement Period, Defendant Carriger was in a position of authority, superior to that of plaintiff.

10. On information and belief, Defendant Carriger was to have no sexual contact with an inmate of Dallas County, such conduct was prohibited, and there was no discretion involved in the absolute prohibition of Defendant Carriger having sexual contact of any kind with an inmate, including plaintiff during her Confinement Period.

11. During the Confinement Period, on multiple occasions Plaintiff was taken out of her cell and delivered to Defendant Carriger for "questioning." During the questioning, she was

2

Case 6:25-cv-03384-BP   Document 10   Filed 01/21/26   Page 3 of 7

raped by Dallas County Detective, Defendant Carriger. Specifically, Defendant Carriger forced Plaintiff to commit oral and vaginal sex, <u>while she was handcuffed</u> (the "Rapes"). For each rape, Plaintiff was escorted from her cell at the Dallas County Jail and taken to Defendant Carriger's office for the occurrence.

12. The Rapes were not consensual.

13. The Rapes were a use of exceptional force by Defendant Carriger and had no penological purpose.

14. The rapes were a clear violation of prohibitions that Defendant Carriger have no sexual contact with an inmate, including plaintiff during the Confinement Period.

15. Upon information and belief, Defendant Dallas County had knowledge that Defendant Carriger had engaged in sexual contact with inmates prior to the Confinement Period of plaintiff.

16. Upon information and belief, other Officers at the Dallas County Jail knew, or should have known, that the rapes occurred.

17. Defendant Carriger utilized his position of power and control over Plaintiff to commit the acts of sexual abuse as described herein.

18. Upon information and belief, Defendant Carriger was known to have violent and/or predatory tendencies, that were known, or should have been known, by Dallas County.

19. At all times relevant, Officers are required to provide humane conditions by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee inmates' safety.

3

Case 6:25-cv-03384-BP    Document 10    Filed 01/21/26    Page 4 of 7

20. At all times relevant, and in line with providing humane conditions of confinement by guaranteeing inmates safety, the Eighth and/or Fourteenth Amendment protects prisoners, including Plaintiff, against Officers, including Defendant Carriger, sexual abuses.

21. An inmate, such as Plaintiff, has constitutionally guaranteed rights of both bodily integrity and freedom from prison guard's violence – sexual or otherwise, which right includes ones right to be secure in one's bodily integrity includes the right to be free from sexual abuse.

22. Defendant Dallas County failed to provide any safeguards to ensure that Plaintiff's rights, liberties, and freedoms would be adequately protected, and such lack of any official policies was but one of the moving forces behind Plaintiffs injuries and damages.

23. That Defendant Carriger' actions described herein were sadistic to cause harm, and deliberately indifferent to Plaintiff's well-being, were performed in bad faith, and not conducted in an effort to restore discipline.

24. Plaintiff was deprived of her basic constitutional rights as a result of the sexual assaults described herein.

25. As a direct and proximate result of the Defendants' violations and acts described herein, Plaintiff has suffered from:
    a. Emotional distress;
    b. Other damages that are still being discovered.

26. Defendant Carriger is not entitled to any legal immunities, including qualified immunity, as his actions violate clearly established laws of which a reasonable person would have known at the time of the alleged violation.

4

27. At all times relevant hereto, Defendant Carriger was operating under the color of state law when he violated the Plaintiff's rights, liberties, and freedoms.

## Count I – Violation of 42 U.S.C. § 1983

28. Plaintiff realleges and reincorporates all allegations set forth above as though fully set forth herein.

29. At all times relevant hereto, Dallas County and its employees, including Defendant Carriger, were operating under the laws of the State of Missouri.

30. The County and Defendant Carriger are persons within the meaning of 42 U.S.C. § 1983.

31. That Defendant Carriger's conduct described herein was done under the color of state law.

32. At all times relevant, Plaintiff maintained protected constitutional liberties, freedoms, and protections, including those conferred under the Eighth and Fourteenth Amendments.

33. Defendants' deprived Plaintiff of her rights, privileges, and/or immunities secured by the Missouri Constitution, the United States Constitution, and/or otherwise the laws of the United States.

34. Upon information and belief, as a reasonable person defined by 42 U.S.C. § 1983, the Defendants, jointly and severally, knew, or should have known, that Plaintiff has a clearly established right not to be sexually abused.

35. Upon information and belief, at all times relevant, the Defendants, jointly and severally, acted with an intentional disregard of state and federal laws, knowing that their action deprived, or would deprive, Plaintiff of her rights.

36. The Defendants conduct described herein, jointly and severally, was truly irrational and/or wrongful, and is something more than arbitrary or capricious.

Electronically Filed - Dallas - November 04, 2025 - 03:50 PM

37. As a direct and proximate result of the Defendants' violations and acts described herein, Plaintiff has suffered from:

    a. Emotional distress;

    b. Other damages that are still being discovered.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment in favor of Plaintiff and against the Defendants, jointly and severally, under Count I, and award Plaintiff her damages resulting from the Defendants conduct as described herein, plus post-judgment interest in the maximum amount allowed by law, and for attorneys fees and costs, and for all further relief the court deems just and proper.

*/s/Jay Kirksey*

Jerry M. (Jay) Kirksey, MO Bar No. 38643
Kirksey Law Firm, LLC
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com

Jacob G. Eddy, MO Bar No.: 72272
Evans & Dixon, LLC
4905 S. National Avenue, Bldg. B
Springfield, MO 65810
Telephone: 417-882-4700
Facsimile: 417-882-4927
jeddy@evans-dixon.com

*Attorneys for Plaintiff*

Electronically Filed - Dallas - November 04, 2025 - 03:50 PM