**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TABITHA RUMFELT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:25cv-03384 |
| | ) | |
| DALLAS COUNTY, MISSOURI, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRIS CARRIGER, | ) | |
| Defendants. | | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY ORDERED, by consent and to assure the protection of confidential documents and information, the following shall govern any and all discovery in this action:

1.      Basis for Order.   The purpose of this Order is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality. The documents produced during this lawsuit and designated "Confidential" hereunder should be used solely for the purpose of this lawsuit and for no other purpose whatsoever, unless the parties otherwise agree in a writing signed by all parties.

2.      Agreement of Parties.    All documents designated as "Confidential" and all copies or other reproductions thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential, and no party, nor their respective attorneys, nor any person subject to their control, shall disclose Confidential Information except as provided in this Order or as ordered by this Court. A Producing Party may designate and produce Confidential information and documents as described in this Order without production waiving any objection as to the status of such information and documents. Further, this Order does not preclude a Producing Party from

**"EXHIBIT A"**

redacting material from produced Confidential information and documents when the Producing Party determines, in its discretion, the redacted material to be of the nature that even confidential disclosure may be inadequate to safeguard the person(s) that the material concerns.

3. <u>Designation of Confidential Items</u>. The following categories of documents shall be designated as confidential information: (a) records of any law enforcement investigation related to the allegations in the case at bar that is not inactive based on (i) a decision by a prosecuting or district attorney not to pursue charges, or (ii) a decision by a law enforcement agency to not pursue charges; or (iii) expiration of the time to file criminal charges pursuant to the applicable statutes of limitations; (b) records where dissemination is reasonably likely to jeopardize any criminal investigation or the safety of any person, or where production may reveal law enforcement investigatory techniques; (c) records of sensitive personnel information.

4. <u>Labeling of "Confidential" Documents or Information</u>. Any Producing Party may designate as "Confidential" a document or written discovery response that they produce for inspection if such document is contained in one or more of the categories set out in paragraph 3 above, by labeling said document or written discovery response, or any part thereof, at the time of production or service with the words "Confidential" or "Subject to Protective Order" or other words to that effect. Any party may designate as "Confidential" a document or information produced by a non-party in the same manner.

5. <u>Timing of "Confidential" Designation</u>. Documents and written discovery responses shall be designated "Confidential" at the time produced or served by the Producing Party.

6. <u>Failure to Designate and Inadvertent Disclosure</u>. In the event that a "Confidential" document or written discovery response is inadvertently produced without the Producing Party designating it as such, that person may designate the document or written

**"EXHIBIT A"**

discovery response "Confidential" upon discovery of the error. Upon receiving such notice from the Producing Party, the party receiving such notice shall immediately treat the document as if it had been so designated and shall place the appropriate designation on the document.

7. Use of Confidential Information. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action. In no event shall Confidential Information be used for any other purpose, including, without limitation, dissemination to any person or entity other than those set forth herein. Records designated as "Confidential" shall be disclosed only to the persons identified in paragraph 10 below. Nothing in this Order shall limit a Producing Party's use of their own documents nor shall prevent any Producing Party from disclosing their own documents to any person. Such disclosures shall not affect any "Confidential" designation made pursuant to this Order. In the event the parties are unable to reach an agreement upon a satisfactory method to protect Confidential Information at trial, any party seeking to protect Confidential Information at trial may file a motion with the Court.

8. To Whom Disclosures May Be Made. Access to any documents, written discovery responses, or deposition testimony designated as "Confidential" pursuant hereto, as well as any of the matters contained therein and extracts and summaries thereof, shall be limited to: (i) the judiciary, its employees, and its agents (in accordance with paragraph 15 below); (ii) the attorneys of record of the parties, their associates, assistants, and employees involved in the preparation of this action; (iii) consultants, experts and agents retained by any party and participating in the prosecution or defense of this action; (iv) court reporters, their transcribers, assistants, and employees; (v) witnesses and deponents in this action; (vi) Plaintiff, Defendants, and any other

person or entity made a party to this action (i.e. the parties); and, (vii) persons who the parties believe in good faith have knowledge of information relevant to the document and averments in the Petition. This order shall not be construed to direct that any confidential material is or is not admissible or publishable to the jury, nor shall this order be violated by the use of confidential material at trial.

9.    Consultants and Expert Witnesses.   Before any party or its counsel may disclose any Confidential Information to any consultant or expert witness, that party or its counsel shall obtain, in addition to the written agreement referred to in Paragraph 11, a written representation that the consultant or expert witness (a) will not make copies or notes concerning such information except as necessary to provide the assistance necessary in this action; (b) will separately maintain as confidential and preserve all such information, copies and notes until the conclusion  of  this action  (or  the  companion  actions  identified  above);  (c)  will  not  use any Confidential Information for any purpose other than the prosecution or defense of this action;  and (d) upon conclusion of this action, shall certify in writing to the Producing Party that all Confidential Information and copies and notes of such information in his or her possession or control have been destroyed or returned to the Producing Party.

10.    Challenging "Confidential" Designations.   In the event that a receiving party disagrees with the designation of "Confidential," the parties will attempt to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. Information designated as "Confidential" shall remain under the protection of this Order until there is an order of the Court to the contrary or until there is an express written agreement otherwise by and between the parties. The burden of persuasion shall be on the party claiming that an item should be designated "Confidential." Any party's failure to challenge a designation of any document or

**"EXHIBIT A"**

information as "Confidential" pursuant to this Order shall be without prejudice to the right of any party to contest the substantive legal status of such designated material as Confidential Information at a later date.

11. <u>Filing and Use of Confidential Information</u>. If the parties, their attorneys, experts or consultants wish to use Confidential Information in any brief, memorandum, affidavit or other paper filed with the Court, that party shall file all such affidavit(s), exhibit(s), or other paper(s), and any portion of any brief or memorandum containing said Confidential Information, under seal, enclosing the document(s), excerpt(s), or exhibit(s) in a sealed envelope, labeled with the caption of the case, a brief description of the contents, and a statement that the envelope is sealed pursuant to this Order. Notwithstanding the foregoing, any party in any pleading or other filing made with the Court may, with the consent of the Producing Party: (1) use or refer to any non- confidential portions of items otherwise designated "Confidential;" (2) include as part of any filing copies of "Confidential" documents, discovery responses or portions of recorded testimony with the confidential portions thereof redacted; and (3) in such instances shall not be required to submit such filings to the Court under seal provided that the filing does not use or refer to any other Confidential Information. Such consent by the Producing Party shall not constitute a waiver of any kind.

12. <u>Protection of Confidential Information</u>. Each recipient of Confidential Information shall maintain the same in a secure and safe area, and the recipient shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of all such Confidential Information as is exercised by a reasonably prudent person in like circumstances.

13. <u>Return of "Confidential" Materials</u>. At the conclusion of this case, each document, written discovery response or deposition testimony designated as "Confidential" and subject to

<b>"EXHIBIT A"</b>

this Order, whether or not filed or identified as an exhibit in this proceeding, including all copies, extracts and summaries thereof, shall be returned upon request to the Producing Party. Provided, however, that documents on file with the Court shall remain with the Court. Each party, upon returning the materials designated as "Confidential," shall certify in writing to the producing party that all "Confidential" materials have been returned. The Court specifically finds that copies of confidential materials produced by one party shall not be considered to be the property of the other party or otherwise part of the file or the party requesting confidential material in discovery for purposes of Rule of Professional Conduct 4-1.22 regarding file retention.

14.     Otherwise Available Information. Nothing contained herein shall affect the rights of any party with respect to (a) information known to such party prior to disclosure by another party, or (b) documents or information that are public knowledge, including all information that is or was available through electronic search methodologies prior to or during the pending litigation.

15.     Disclosure to Governmental Authority. Nothing contained herein shall affect the right of any party to produce or disclose to any federal, state or local governmental official or law enforcement authority any documents or information designated as "Confidential" pursuant to this Order where such party has been served by such an authority with a subpoena calling for the production or disclosure of such documents or information, provided that such party has given the Producing Party reasonable notice of such subpoena sufficiently in advance of any production or disclosure of such documents or information to enable the Producing Party to seek an appropriate protective order with respect to such subpoena.

16.     Term of Order.   The obligations of this Order shall survive for as long as any party is in possession or control of Confidential Information provided pursuant to this Order.

**"EXHIBIT A"**

17.     Retention of Jurisdiction.     The Court shall retain jurisdiction over this matter to enforce this Order for as long as any party is in possession or control of Confidential Information provided pursuant to this Order.

18.     Modification.     Any party may seek a modification of this order at any time by filing an appropriate motion with the Court.

19.     Headings.     The headings of the paragraphs are merely descriptive and should  not be construed as influencing or limiting the substance of the paragraphs in any way.


SO ORDERED:


_____
Judge


Date:     _____