# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

TABITHA RUMFELT          )
                       )
        Plaintiff,     )
                       )
        v.           )     Case No.: 6:25cv-03384
                       )
DALLAS COUNTY, MISSOURI and  )
                       )
CHRIS CARRIGER,       )
                       )
        Defendants.   )

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Tabitha Rumfelt, by and through her attorneys, Jay Kirksey and Jacob G. Eddy, and for her First Amended Complaint against Defendants Dallas County, Missouri and Chris Carriger, state as follows:

## FACTS

1. Plaintiff, Tabitha Rumfelt, is a citizen and resident of Camdenton County, Missouri.

2. That, Defendant, Dallas County, is an incorporated County in the State of Missouri. Defendant, Dallas County, may be served through the County Clerk at the address set forth above.

3. That, at all times relevant hereto, Defendant, Chris Carriger, was the detective of the Dallas County Sheriff's Office. At all times relevant hereto, Defendant Carriger was an employee of the County, and as a result, the County is liable for his actions through *respondeat superior*.

4. Jurisdiction and venue are proper in the Federal Court of the Western District as this case involves a federal question pursuant to 42 USC § 1983, and invokes federal question

1

jurisdiction pursuant to 28 U.S.C. § 1331.

5. From late October/early November 2023 through late November/early December of 2023, Plaintiff was confined in the Dallas County Jail (the "Confinement Period").

6. During the Confinement Period, Defendant Carriger was a deputy with the Dallas County Sheriff's department.

7. During Confinement Period and at all times relevant in his Dallas County Patrol Vehicle, Defendant Carriger was in a position of authority, superior to that of Plaintiff.

8. On information and belief, Defendant Carriger was to have no sexual contact with an inmate of Dallas County or in , such conduct was prohibited, and there was no discretion involved in the absolute prohibition of Defendant Carriger having sexual contact of any kind with an inmate, including Plaintiff, during her Confinement Period.

9. During the Confinement Period, on multiple occasions, Plaintiff was taken out of her cell and delivered to Defendant Carriger for "questioning." During the questioning, she was raped by Dallas County Detective, Defendant Carriger. Specifically, Defendant Carriger forced Plaintiff to commit oral and vaginal sex, while she was handcuffed (the "Rapes"). For each rape, Plaintiff was escorted from her cell at the Dallas County Jail and taken to Defendant Carriger's office for the occurrence.

10. Following the Confinement Period, there were multiple occurrences of sexual misconduct between Carriger and Plaintiff that occurred in a Dallas County Patrol Car that included coerced oral sex, and other coerced sexual acts.

11. The sexual misconduct in the patrol car was not consensual.

12. The sexual misconduct in the Dallas County Patrol car were uses of exceptional force by Defendant Carriger and had no penological purpose.

2

13. At all times relevant, Carriger knew he was not to coercively require a citizen, including Tabitha, to have sex with him, or to participate in other sexual misconduct.

14. At all times relevant, Carriger maintained the authority of a law enforcement officer.

15. In addition to sexual misconduct that occurred in the Dallas County Patrol vehicle, Defendant Carriger sent multiple lewd and explicit photos and videos to Plaintiff of himself masturbating in his Dallas County Patrol vehicle, from his Dallas County provided work cell phone.

16. Carriger's use of his work cell phone to send lewd and explicit photos and videos to Plaintiff was in violation of policies provided by the Dallas County Sheriff's Office.

17. At all times relevant hereto, Defendant Carriger knew that Plaintiff was concerned with outstanding warrants.

18. The Rapes, sexual misconduct in the patrol vehicle, and lewd photos and videos sent to Plaintiff were not consensual.

19. The Rapes and sexual misconduct in the patrol vehicle were uses of exceptional force by Defendant Carriger and had no penological purpose.

20. The Rapes were a clear violation of prohibitions that Defendant Carriger have no sexual contact with an inmate, including plaintiff during the Confinement Period.

21. Upon information and belief, Defendant Dallas County had knowledge that Defendant Carriger had engaged in sexual contact with inmates prior to the Confinement Period of plaintiff.

22. Upon information and belief, other Officers at the Dallas County Jail knew, or should have known, that the Rapes occurred.

23. Upon information and belief, other Officers at the Dallas County Jail knew, or should

3

have known, that sexual misconduct in the Dallas County patrol car or with Carriger's Dallas County Work phone occurred.

24. Defendant Carriger utilized his position of power and control over Plaintiff to commit the acts of sexual abuse and/or misconduct as described herein.

25. Upon information and belief, Defendant Carriger was known to have violent and/or predatory tendencies, that were known, or should have been known, by Dallas County.

26. At all times relevant, Defendant Carriger was resentful of his wife's success, and he had not had sex with her for two years, which provided motive for his bad acts described herein.

27. Defendant Carriger had opportunity to commit the Rapes in the Dallas County Jail, and for the sexual misconduct associated with the Dallas County Patrol vehicle.

28. At all times relevant, Officers are required to provide humane conditions by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee inmates' safety.

29. At all times relevant, and in line with providing humane conditions of confinement by guaranteeing inmate safety, the Eighth and/or Fourteenth Amendment protects prisoners, including Plaintiff, against Officers, including Defendant Carriger, from sexual abuses and/or sexual misconduct.

30. An inmate, such as Plaintiff, has constitutionally guaranteed rights of both bodily integrity and freedom from prison guard's violence – sexual or otherwise, which right includes one's right to be secure in one's bodily integrity including the right to be free from sexual abuse.

31. Defendant Dallas County failed to provide any safeguards to ensure that Plaintiff's rights,

4

liberties, and freedoms would be adequately protected, and such lack of any official policies was but one of the moving forces behind Plaintiff's injuries and damages.

32. That Defendant Carriger's actions described herein were sadistic to cause harm, and deliberately indifferent to Plaintiff's well-being, were performed in bad faith, and not conducted in an effort to restore discipline.

33. Plaintiff was deprived of her basic constitutional rights as a result of the sexual assaults and/or misconduct described herein.

34. As a direct and proximate result of the Defendants' violations and acts described herein, Plaintiff has suffered from:

    a. Emotional distress;

    b. Other damages that are still being discovered.

35. Defendant Carriger is not entitled to any legal immunities, including qualified immunity, as his actions violate clearly established laws of which a reasonable person would have known at the time of the alleged violation.

36. At all times relevant hereto, Defendant Carriger was subject to the General Orders of Dallas County Sheriff.

37. Defendant Carriger violated the General Orders of the Dallas County Sheriff's Office for his conduct towards Plaintiff.

38. At all times relevant hereto, Defendant Carriger was operating under the color of state law when he violated the Plaintiff's rights, liberties, and freedoms.

39. The actions of Defendant Carriger described herein were carried out with a reckless and/or callous disregard of, or indifference to, the rights and safety of others.

5

## Count I – Violation of 42 U.S.C. § 1983

40. Plaintiff realleges and reincorporates all allegations set forth above as though fully set forth herein.

41. At all times relevant hereto, Dallas County and its employees, including Defendant Carriger, were operating under the laws of the State of Missouri.

42. The County and Defendant Carriger are persons within the meaning of 42 U.S.C. § 1983.

43. That Defendant Carriger's conduct described herein was done under the color of state law.

44. At all times relevant, Plaintiff maintained protected constitutional liberties, freedoms, and protections, including those conferred under the Eighth and Fourteenth Amendments.

45. Defendants deprived Plaintiff of her rights, privileges, and/or immunities secured by the Missouri Constitution, the United States Constitution, and/or otherwise the laws of the United States.

46. Upon information and belief, as a reasonable person defined by 42 U.S.C. § 1983, the Defendants, jointly and severally, knew, or should have known, that Plaintiff has a clearly established right not to be sexually abused and/or coerced into sexual acts with Defendant Carriger.

47. Upon information and belief, at all times relevant, the Defendants, jointly and severally, acted with an intentional disregard of state and federal laws, knowing that their action deprived, or would deprive, Plaintiff of her rights.

48. The Defendants' conduct described herein, jointly and severally, was truly irrational and/or wrongful, and is something more than arbitrary or capricious.

49. As a direct and proximate result of the Defendants' violations and acts described herein,

6

Plaintiff has suffered from:

    a.  Emotional distress of the garden variety;

    b.  Other damages that are still being discovered.

50. Plaintiff is entitled to punitive damages as a result of Defendant Carriger's reckless or callous disregard of, or indifference to, the rights and safety of others, including Plaintiff.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment in favor of Plaintiff and against the Defendants, jointly and severally, under Count I, and award Plaintiff her damages resulting from the Defendants conduct as described herein, plus post-judgment interest in the maximum amount allowed by law, and for attorney's fees and costs, and for all further relief the court deems just and proper.

*/s/Jay Kirksey*

Jerry M. (Jay) Kirksey, MO Bar No. 38643
Kirksey Law Firm, LLC
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com

Jacob G. Eddy, MO Bar No.: 72272
Evans & Dixon, LLC
4905 S. National Avenue, Bldg. B
Springfield, MO 65810
Telephone: 417-882-4700
Facsimile: 417-882-4927
jeddy@evans-dixon.com

*Attorneys for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June, 2026, the foregoing was filed using the court's ECF filing system which generated a notification sent via email to the following parties and/or attorneys of record:

Damon S. Phillips
Keck & Phillips, LLC
damon@kpwlawfirm.com
*Attorney for Defendant Dallas County, Missouri*

Ryan Bertels
Schreimann, Rackers & Francka, LLC
rb@srfblaw.com
*Attorney for Defendant Chris Carriger*

8