**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

TABITHA RUMFELT,          )
                               )
        Plaintiff,         )
                               )
        vs.           )     Case No. 6:25cv-03384
                               )
DALLAS COUNTY, MISSOURI,    )
                               )     **Demand for Jury Trial**
and                         )
                               )
CHRIS CARRIGER,         )
              Defendants.    )

## <u>ANSWER OF DEFENDANT DALLAS COUNTY, MISSOURI TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

COMES NOW, Defendant Dallas County, Missouri, by and through counsel, and for their Answer to Plaintiff's First Amended Complaint, states as follows:

1. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

2. Admit.

3. Deny.

4. This Defendant does not dispute venue or forum, but Denies jurisdiction because Plaintiff has failed to state any claim for which relief can be granted.

5. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

6. Admit separate Defendant Carriger was a deputy in October, November, and

December of 2023. Otherwise, this Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

7. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

8. Admit that while separate Defendant Carriger was a deputy he was not to have sexual contact with inmates. Otherwise, this Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

9. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

10. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

11. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

12. Every part of this paragraph is a legal conclusion that does not call for a response. If a response is required, Admit that if separate Defendant Carriger engaged in sexual misconduct this would have no penological purpose. "Exceptional force" is not an element of sexual misconduct, it is not clear what this means, and therefore this Defendant lacks sufficient information to know the truth

or falsity of this or any allegation not expressly admitted and Denies same and demands strict proof thereof.

13. Admit.

14. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

15. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

16. Admit.

17. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

18. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

19. Every part of this paragraph is a legal conclusion that does not call for a response. If a response is required, Admit that if separate Defendant Carriger raped Plaintiff, or engaged in sexual misconduct, these would have no penological purpose. "Exceptional force" is not an element of rape or sexual misconduct, it is not clear what this means, and therefore this Defendant lacks sufficient information to know the truth or falsity of this or any allegation not expressly admitted and Denies same and demands strict proof thereof.

20. Admit that if separate Defendant Carriger raped Plaintiff while she was an inmate,

it was a clear violation of prohibitions that he have no sexual contact with an inmate. Otherwise, this Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

21. Deny.

22. Deny.

23. Deny.

24. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

25. Deny.

26. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

27. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

28. Admit that inmates have rights to food, clothing, shelter and care for serious medical conditions. The rest of the allegations in this paragraph appear to be conclusory buzz words, where it is not clear what Plaintiff means by terms such as "Officers are required" or "ensuring" or "guarantee," and therefore this Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and Denies each and every allegation not specifically admitted and demands strict proof thereof.

29. This paragraph consists of a legal conclusion and does not assert facts calling for a response from this Defendant. If any response is required, Deny.

30. This paragraph consists of a legal conclusion and does not assert facts calling for a response from this Defendant. If any response is required, Deny.

31. Deny.

32. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

33. If these allegations are directed to this Defendant, Deny. If directed to separate Defendant Carriger, this does not call for a response from this Defendant, if one is required, Deny.

34. Deny.

35. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

36. Admit.

37. Admit separate Defendant Carriger violated the General Orders of the DCSO when sending lewd and explicit photos and videos to Plaintiff using his work cell phone. Admit that if separate Defendant Carriger raped or engaged in sexual misconduct with Plaintiff while she was an inmate, that it would be a violation of the DCSO General Orders. Otherwise, this Defendant does not know what "conduct towards Plaintiff" is meant to encompass, and therefore lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and Denies each and every allegation not specifically admitted and demands strict proof thereof.

38. Deny.

39. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

## Count I – Violation of 42 U.S.C. § 1983

40. Defendant incorporates by reference their responses to the previous Paragraphs as if fully set forth herein.

41. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

42. Admit.

43. This Defendant lacks sufficient information to form an opinion as to the truth or falsity of the allegations of this Paragraph and therefore Denies each and every allegation not specifically admitted and demands strict proof thereof.

44. This Paragraph consists of a legal conclusion and does not assert facts calling for a response from this Defendant. If any response is required, Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant(s) assert the following affirmative defenses:

1.      Defendant(s) deny each and every allegation, matter, and averment made or contained in Plaintiff's Complaint not specifically admitted.

2.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant(s) and fails to state a claim upon which relief may be granted so that the same should be dismissed at Plaintiff's costs.

3.      Any and all actions or acts committed by Defendant(s) or on their behalf were discretionary in nature and taken in good faith, and that any individual claim Defendant is immune from suit or protected from liability or damages pursuant to individual immunity, absolute immunity, judicial immunity, quasi-judicial immunity, witness immunity, qualified immunity, official immunity, and the public duty doctrine.

4.      To the extent Defendant(s) is asserted to be liable as a public entity, or in any official capacity claim, based on acts of those through whom the public entity is alleged to have acted, then Defendant is protected pursuant to the law regarding *respondeat superior* as applied to public entities, by sovereign immunity, and the Eleventh Amendment to the United States' Constitution. Further, to the extent that Plaintiff(s) has asserted state law claims against Defendant(s) as a political subdivision, Plaintiff has failed to assert grounds or any basis for any exception to sovereign immunity.

5.      Defendant(s) acted with objective reasonableness under the circumstances then existing, and their conduct was justified and/or privileged.

6.      Plaintiff's damages, if any, were proximately caused by their own negligence and/or criminal or other acts and/or the negligence and criminal or other acts of others who are beyond the

control of Defendant(s), and whose fault should be compared. To the extent any fact finder finds any fault, such fault and damages should be reduced by the percentage of fault of any other tortfeasor.

7. Plaintiff has no damages.

8. To the extent, if any, that Plaintiff attempts to assert a right to punitive damages, Plaintiff is not entitled to any punitive damage award for any one or more of the following reasons:

(a) The standards by which Defendant's conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny dues process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Defendant of the potential repercussions of their alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(c) Plaintiff's request, if any, for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d) Plaintiff's request, if any, for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e) Plaintiff's request, if any, for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f) Plaintiff's request, if any, for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g)     Plaintiff's request, if any, for punitive damages cannot protect Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h)     An award of punitive damages would violate Defendant's due process under the United States Constitution;

(i)     Punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S. Ct. 2748, 69 L.Ed. 2d 616 (1981).

(j)     To the extent that Defendant is being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.M.o. § 537.610.

9.     Any and all actions committed by Defendant(s) were discretionary in nature, were objectively reasonable under the circumstances then existing and were not in violation of clearly established law and, therefore, Defendant is protected from liability by the doctrine of qualified immunity.

10.     The conduct, decisions, actions and/or inaction attributed to Defendant(s) by Plaintiff involved discretionary conduct and, accordingly, to the extent (if any) a common law claim is asserted against Defendant, they are shielded from liability by operation of Missouri's official immunity doctrine.

11.     The conduct, decisions, actions and/or inaction attributed to Defendant(s) by Plaintiff involved duties owed to the public and not to Plaintiff individually and, accordingly, to the extent (if any) a common law claim is asserted against Defendant, they are shielded from liability by operation of Missouri's public duty doctrine.

12. Plaintiff failed to mitigate damages, including that Plaintiff failed to make reasonable efforts to do so.

13. Plaintiff failed to exhaust his administrative remedies available at the detention facility before bringing the instant action challenging the conditions of his confinement under the Prison Litigation Reform Act, § 506.384, RSMo. and 42 U.S.C. § 1997e.

14. In the event Plaintiff is entitled to or awarded any damages, he is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997e.

15. In the event Plaintiff is entitled to or awarded any attorney fees, they are not entitled to any attorney fees not authorized by the Prison Litigation Reform Act and 42 U.S.C. § 1998, and any award must comply with those requirements.

16. The *Heck* doctrine bars Plaintiff's suit in that Plaintiff seeks to challenge the validity of disciplinary and/or criminal proceedings and Plaintiff cannot demonstrate such have been overturned.

17. Plaintiff lacks standing because Plaintiff has not identified a personal injury or property interest of theirs damaged by Defendant(s).

18. Any damages, all of which are denied, were caused by intervening or pre-existing or subsequent conditions or acts, for which Defendant(s) cannot be liable.

19. Plaintiff is not entitled to equitable relief due to unclean hands.

20. Plaintiff is not entitled to equitable relief because in the event Plaintiff stated a claim (which is denied), for which relief could otherwise be granted, the law provides adequate remedy.

21. Plaintiff is barred from recovery by the doctrine of laches for unreasonable delay without explanation in bringing suit against this Defendant, and also by applicable statute of

limitations, where the alleged fact of damages was known to Plaintiff or capable of ascertainment prior to the date of filing suit, and Plaintiff failed to bring action:

(a) pursuant to R.S.Mo. §516.145 within one year as to any employee or former employee for an act in an official capacity, or by the omission of an official duty; and/or

(b) pursuant to R.S.Mo. §516.140 within two years to the extent Plaintiff asserted any action for libel, slander, injurious falsehood, assault, battery, false imprisonment, criminal conversation, or malicious prosecution; and/or

(c) pursuant to R.S.Mo. §516.130 within three years to the extent Plaintiff asserted any action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in their official capacity and in virtue of their office, or by the omission of an official duty; and/or to the extent Plaintiff asserted any action upon a statute for a penalty or forfeiture; and/or

(d) pursuant to R.S.Mo. §516.120 within five years to the extent Plaintiff asserted any action upon a liability created by a statute other than a penalty or forfeiture; for trespass on real estate; for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property; or for any other injury to the person or rights of another, not arising on contract and not otherwise encompassed within a separate statute or statutory section limiting the time to bring such action.

22. Plaintiff was reasonably accommodated and/or modifications would fundamentally alter the nature of the service, program, or activity.

23. In the event that a finder of fact, judge or jury, should assess a percentage of liability to this Defendant, any judgment entered against this Defendant should be reduced to reflect said percentage of fault, and that this Defendant be held liable to Plaintiff for only that percentage of the judgment, severally, and not jointly with any other Defendant, person, or entity.

24. Any verdict rendered and/or judgment entered into this matter on behalf of Plaintiff should be reduced by all applicable settlements with any and all co-defendants, other tort-feasors, and/or insurance carriers or any other person, firm or corporation or other entity or individual alleged to be liable for Plaintiff's claimed damages. Defendant denies all liability, but to the extent that liability is found, Defendant requests that the apportionment of fault be applied to the extent where applicable.

25. The value of any medical treatment rendered to the Plaintiff is the dollar amount necessary to satisfy the financial obligations to the health care provider, including as reflected in § 490.715, RSMo.

26. Damages against this public officer or public entity Defendant are capped and/or subject to reduction, including but not limited to as provided by § 213.111, RSMo. and/or § 537.610 including subparts.

27. If Plaintiffs sustained any damages as alleged in Plaintiffs' Complaint, which is denied, such damages were directly and proximately caused or contributed to be caused by the negligence and/or fault of persons or entities, including Plaintiffs, over which Defendant exercised no control or right to control and for whom she has no legal responsibility.

28. To the extent if any that Plaintiff(s) asserts a purported cause of action based on improper healthcare, any award for non-economic damages should be limited consistent with RSMo. §538.210, *et. seq.* which should be strictly enforced to this in this action.

29. If any future damages are awarded in this lawsuit for personal injury or death arising out of the rendering of or the failure to render health care services, which Defendant(s) hereby expressly denies, then pursuant to RSMo. §538.220, Defendant(s) is entitled to an order or a judgment that any future damages that may be awarded to Plaintiffs be paid in whole or in part, in periodic or

installment payments, if the total award of damages in this action were to exceed $100,000.00; that the duration of the future medical payment schedule be for a period of time equal to the life expectancy of the person to whom such services were rendered to be determined by the court solely on the evidence of such life expectancy presented by Plaintiffs at trial; that the amount of each future medical periodic payment be determined by dividing the total amount of each future medical damages by the number of future medical periodic payments; and that the court apply interest on the future periodic payments at a per annum interest rate no greater than the coupon issue yield equivalent as determined by the Federal Reserve Board. Defendant(s) hereby and expressly requests this Court make such orders and judgment necessary to give effect to RSMo. §538.220.

30. If any damages are awarded in this lawsuit for a purported cause of action based on improper healthcare, which Defendant(s) hereby expressly deny, then pursuant to RSMo. §538.210 and §538.215, Defendant(s) requests that the trier of fact itemizes the damages, that all future damages be to present value, and that any aware of noneconomic damages in excess of the allowed limit be reduced by the Court to the maximum amount.

31. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have entered, or will enter, into an agreement by release, covenant not to sue, and/or covenant not to enforce a judgment with any person or entity which may be liable in tort to Plaintiffs for the alleged damages, in that such agreement shall reduce Plaintiffs' claim against Defendant by the stipulated amount of the agreement or the amount of the consideration paid, whichever is greater, consistent with RSMo. §537.060.

32. To the extent Plaintiffs' Complaint asserts a claim for medical expenses, such claim is barred or should be reduced in accordance with RSMo. §490.715, which defines the "actual cost of the medical care or treatment" as "[the] sum of money not to exceed the dollar amounts paid by or on

behalf of a plaintiff or a patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider after adjustment for any contractual discounts, price reduction, or write-off by an person or entity."

33. To the extent Plaintiff(s) assert a purported cause of action based on improper healthcare, which Defendant(s) hereby expressly deny, Defendant is entitled to the limitations imposed by RSMo. §538.300, including but not limited to, the prohibition of pre-judgment and post-judgment interest.

34. To the extent Plaintiff(s) assert a purported cause of action based on improper healthcare, which Defendant(s) hereby expressly deny, Defendant is entitled to the application of all applicable provisions of Chapter 538, RSMo.

35. Plaintiff's damages, if any, were proximately caused by their own negligence and/or criminal or other acts and/or the negligence and criminal or other acts of others who are beyond the control of Defendant, and whose fault should be compared. To the extent any fact finder finds any fault, such fault and damages should be reduced by the percentage of fault of any other tortfeasor.

36. Any damages, all of which are denied, were caused by intervening or pre-existing or subsequent conditions or acts, for which Defendant cannot be liable.

37. Defendant(s) reserve the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, Defendant having fully answered Plaintiff's First Amended Complaint, prays to be discharged therefrom, and for judgment in their favor and against Plaintiff, for costs, including reasonable attorney fees, and for further and additional relief as the Court deems just.

Respectfully submitted,

KECK & PHILLIPS, L.L.C.

By_____/s/ *Damon S. Phillips*_____
  Damon S. Phillips #52901
  3140 E. Division
  Springfield, MO 65802
  Telephone: (417) 890-8989
  Facsimile: (417) 890-8990
  Email: damon@kpwlawfirm.com
  *Attorney for Defendant Dallas County, Missouri*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was sent via CM/ECF filing system to all parties of record this 29th day of June 2026.

          */s/ Damon S. Phillips*____
          Damon S. Phillips