# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| TABITHA RUMFELT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 6:25cv-3384 |
| | ) | |
| DALLAS COUNTY, MISSOURI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CARRIGER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Chris Carriger, by and through his undersigned counsel, hereby submits his Answer to Plaintiff's First Amended Complaint (Doc. 46) as follows:

1. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 and therefore denies.

2. This Defendant admits Dallas County is a county in the state of Missouri. The remainder of the allegation of Paragraph 2 are conclusions of law requiring no response.

3. This Defendant admits Chris Carriger was a former employee of the Dallas County Sheriff Department. The remainder of the allegation of Paragraph 3 are conclusions of law requiring no response. To the extent a response is required, this Defendant denies the remainder of the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are conclusions of law requiring no response.

5. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 5 and therefore denies.

6. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 and therefore denies.

7. This Defendant denies the allegations of Paragraph 7.

8. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 and therefore denies.

9. This Defendant denies the allegations of Paragraph 9.

10. This Defendant denies the allegations of Paragraph 10.

11. This Defendant denies the allegations of Paragraph 11.

12. This Defendant denies the allegations of Paragraph 12.

13. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies.

14. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 14 and therefore denies.

15. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 15 and therefore denies.

16. This Defendant denies the allegations of Paragraph 16.

17. This Defendant denies the allegations of Paragraph 17.

18. This Defendant denies the allegations of Paragraph 18.

19. This Defendant denies the allegations of Paragraph 19.

20. This Defendant denies the allegations of Paragraph 20.

21. This Defendant denies the allegations of Paragraph 21.

22. This Defendant denies the allegations of Paragraph 22.

23. This Defendant denies the allegations of Paragraph 23.

24. This Defendant denies the allegations of Paragraph 24.

25. This Defendant denies the allegations of Paragraph 25.

26. This Defendant denies the allegations of Paragraph 26.

27. This Defendant denies the allegations of Paragraph 27.

28. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 28 and therefore denies.

29. The allegations in Paragraph 29 are conclusions of law requiring no response.

30. The allegations in Paragraph 30 are conclusions of law requiring no response.

31. This Defendant denies the allegations of Paragraph 31.

32. This Defendant denies the allegations of Paragraph 32.

33. This Defendant denies the allegations of Paragraph 33.

34. This Defendant denies the allegations of Paragraph 34, including the allegations in subparts (a) – (b).

35. This Defendant denies the allegations of Paragraph 35.

36. This Defendant is without sufficient information to admit or deny the allegations in Paragraph 36 and therefore denies.

37. This Defendant denies the allegations of Paragraph 37.

38.     The allegations in Paragraph 38 are conclusions of law requiring no response.

39.     This Defendant denies the allegations of Paragraph 39.

## COUNT I

40.     This Defendant incorporates his responses to Paragraphs 1 though 39 as though fully set forth herein.

41.     This Defendant is without sufficient information to admit or deny the allegations in Paragraph 41 and therefore denies.

42.     The allegations in Paragraph 42 are conclusions of law requiring no response.

43.     The allegations in Paragraph 43 are conclusions of law requiring no response.

44.     The allegations in Paragraph 44 are conclusions of law requiring no response.

45.     This Defendant denies the allegations of Paragraph 45.

46.     This Defendant denies the allegations of Paragraph 46.

47.     This Defendant denies the allegations of Paragraph 47.

48.     This Defendant denies the allegations of Paragraph 48.

49.     This Defendant denies the allegations of Paragraph 49, including the allegations in subparts (a) – (b).

50.     This Defendant denies the allegations of Paragraph 50, including the allegations in the WHEREFORE clause following Paragraph 50.

4

## **GENERAL DENIAL**

This Defendant denies all allegations not expressly admitted herein.

## **REQUEST FOR JURY TRIAL**

This Defendant respectfully requests a jury trial of all factual issues.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted or a Judgment sustained.

2. This Defendant denies the allegations made in Plaintiff's First Amended Complaint, but any actions were discretionary in nature and taken in good faith and this Defendant is protected from liability by the doctrine of qualified immunity.

3. Any action of this Defendant was reasonable under the circumstances and was justified and/or privileged.

4. The conduct of Plaintiff solely and proximately caused any damage.

5. Plaintiff, by her own conduct, consented to any acts or omissions of this Defendant.

6. Plaintiff is not entitled to an award of punitive damages against this Defendant in his official capacity, pursuant to the 11th Amendment of the United States Constitution, the Missouri Sovereign Immunity Statute, Section 537.600, RSMo., et seq. (including, but not limited to Section 537.610, RSMo.), and 42 U.S.C. § 1983.

7. Plaintiff's claims are barred to the extent that the First Amended Complaint seeks damages under 42 U.S.C. Section 1983 against this Defendant upon the theory of respondent superior.

5

8.      This Defendant denies that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Section 510.265.1, RSMo.

9.      To the extent Plaintiff seeks punitive damages against this Defendant, this Defendant states: the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution.  Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the amount of punitive damages that may be awarded.  The absence of directives to the jury to consider relative factors allows impermissible and unconstitutional vagueness and ambiguity in the jury instruction, deliberation and verdict.  This vagueness and ambiguity in turn threaten to deprive this Defendant of his property without due process of law.

10.     To the extent Plaintiff seeks recovery of punitive damages, the imposition of such punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of Missouri.  Specifically, this Defendant states that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are

6

unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

11. To the extent Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against this Defendant are highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri. Accordingly, the evidentiary burden of proof that Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

12. Any damages, which this Defendant denies, were caused, or contributed to be caused, by the intervening acts or omissions of persons or entities other than this Defendant over whom this Defendant had no control.

13. Plaintiff's claims against this Defendant are barred by the doctrine of Official Immunity, inasmuch as this Defendant, at all times relevant hereto, was acting in a discretionary capacity.

14. This Defendant is protected from liability under the Public Duty Doctrine because at all times relevant hereto, he was performing a governmental function in compliance with his duties owed to the general public.

15. Plaintiff's claims are barred by collateral estoppel, res judicata, judicial estoppel, and/or the law set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

16.     This Defendant incorporates any other affirmative defense plead by any other defendant in this case which may apply to him.

WHEREFORE, having answered the allegations of Plaintiff's First Amended Complaint, Defendant Carriger prays that the same be dismissed, allowing him to go hence with his costs herein, and for such further relief as the Court deems just and proper in the premises.

Respectfully Submitted,

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Ryan Bertels
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
rb@srfblaw.com

Attorney for Defendant Chris Carriger

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the attorneys of record in this case.

/s/ Ryan Bertels

8