**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TABITHA RUMFELT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 6:25cv-3384 |
| | ) | |
| DALLAS COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CARRIGER'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM PROTECTIVE ORDER**

Defendant Carriger, by and through his undersigned counsel, submits his Suggestions in Opposition to Plaintiff's Motion for Relief From Protective Order (Doc. 61) and Plaintiff's Supplement to that Motion (Doc. 63) as follows:

As an initial matter, it is not clear exactly what Plaintiff's Motion for Relief is requesting. While her Motion mentions just two depositions and the exhibits from those two depositions, it appears Plaintiff also wants to provide documents that were marked CONFIDENTIAL when produced and are therefore subject to the protective order in place in this case. *See* Doc. 23. To whatever extent Plaintiff is asking for relief to provide documents marked CONFIDENTIAL to outside parties in this case, Defendant Carriger objects to this request for several reasons.

First, the purported purpose of Plaintiff's Motion for Relief is to provide documents and depositions to the Missouri Highway Patrol ("MHP") and the Dallas County Sheriff's Office. Plaintiff's Motion states that the MHP already did an investigation. Doc. 61 at p. 1. Plaintiff's Motion states, without any citation or

evidentiary support, that MHP "Trooper Wells has indicated he would and will complete a probable cause statement as to the conduct of Carriger as alleged in the case. In addition, Mr. Baker, the Prosecutor in Dallas County, Missouri, has indicated that we would like a copy of the transcripts." *Id*. Since there is no evidentiary support at all for this self-serving statement, Defendant Carriger cannot respond other than to say this hearsay statement by Plaintiff's counsel is not evidence. Due to the lack of support for the purported reason alone, Plaintiff's request should be denied.

What Plaintiff's Motion for Relief also does not address is the fact that MHP and the Dallas County Prosecutor both have subpoena power. Upon information and belief, both these entities know how to send subpoenas, have sent many subpoenas in the past, and could do so in this case if they wanted to. Rather than let the investigative process play out naturally, and even though an MHP investigation has already been conducted, Plaintiff's Motion makes it clear that she wants to be the one to provide these documents. This reason alone is not enough to get around the protective order Plaintiff agreed to. Since both entities Plaintiff wants to provide the documents to already have the power to obtain any documents they want on their own, Plaintiff's Motion for Relief should be denied.

Lastly, this Motion for Relief appears to be part of an action by Plaintiff's to harass Defendant Carriger. As stated in Plaintiff's Supplement (Doc. 63), Plaintiff used one of her 10 depositions under Fed.R.Civ.P. 31(a)(2) to depose Defendant Carriger's subsequent employer, the Superintendent of the Niangua School District. Defendant Carriger's subsequent employment has no relevance to the issues of whether he violated

Plaintiff's rights while acting under color of law that is at issue in this case. While the Supplement mentions an employment application that she alleges Carriger made misstatements in, such evidence is, at best, inadmissible character evidence which is irrelevant to the alleged actions under color of law at issue in this case. It also would have no relevance to any investigation. Instead, the real purpose of this deposition appears to have been to attempt to cause issues with Defendant Carriger's employer in an attempt to get him fired. Plaintiff's personal preference to harass Carriger should not allow her to provide documents and information covered under the protective order.

Plaintiff's Motion for Relief also brings up irrelevant issues of Defendant Carriger's marital problems and extra-marital consensual affairs with co-workers off-duty. None of this is relevant to whether Plaintiff's constitutional rights were violated under color of law by Carriger while she was incarcerated and/or detained, which is the claim in the First Amended Complaint. Nor would it be relevant to any investigation of the MHP and/or Dallas County Prosecutor. As a result, the only purpose of mentioning such issues in the Motion for Relief is a further attempt to embarrass and harass Defendant Carriger by making such statements in a Court filing.

Defendant would point out that Plaintiff's eight page Motion for Relief fails to mention the deposition testimony where Defendant Carriger denied any sexual contact with Plaintiff while she was incarcerated in the Dallas County jail, which is the issue in this case. Ex A (deposition of Chris Carriger) at p. 54, ln. 22 – 24. If Plaintiff's goal was to really present the deposition testimony for investigation as she claims, that would be an important fact to mention. This omission shows the true motive for Plaintiff's

request. For all these reasons, Plaintiff's Motion for Relief should be denied. If the MHP and/or Dallas County Prosecutor want the depositions and/or exhibits, they both have ways to obtain them without Plaintiff's assistance.

WHEREFORE, Defendant Carriger requests this Court issue an Order denying Plaintiff's Motion for Relief from Protective Order, deny Plaintiff's Supplement to that Motion, and for any other relief deemed just and proper under the circumstances.

Respectfully submitted,

SCHREIMANN, RACKERS
& FRANCKA, L.L.C.

/s/ Ryan Bertels
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
573-635-6034 (facsimile)
rb@srfblaw.com

Attorney for Defendant Chris Carriger

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all attorneys of record via the Court's electronic filing system on August 20, 2026.

/s/ Ryan Bertels